# Burnap Building & Supply Company to use *v.* Ladd, Appellant.

*Corporation—Stock subscription—Liability of subscriber—Conditional subscription—Oral agreement—Waiver.*

Where a number of persons enter into an agreement with a manufacturing company by which the latter is to erect a butter factory, and the subscribers agree to organize a corporation and take shares to the amount of their subscription and the factory is to be conveyed to such corporation, and it appears that one of the subscribers agreed to sign only upon the promise made orally to him by the agent taking the subscriptions that he could withdraw his name from the list if he appeared at the next subscriber's meeting, and requested his name to be withdrawn, and in an action to recover the subscription there is

evidence that he appeared at the meeting, participated in it, and made no request that his name should be withdrawn, a verdict and judgment against him for the amount of subscription will be sustained.

Argued Feb. 25, 1914.   Appeal, No. 4, Feb. T., 1914, by defendant, from judgment of C. P. Tioga Co., May Term, 1912, No. 230, on verdict for plaintiff in case of Burnap Building & Supply Company to use of E. H. Stone et al. v. W. N. Ladd.   Before RICE, P. J., HENDERSON, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for stock subscription.   Before CAMERON, P. J.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows:

[If you believe, from all the evidence in the case, that this defendant made this agreement with Mr. Whinnery when he signed his contract, and subsequently went to Mr. Whinnery before or at the time fixed in which he was to make the request and made the request of Mr. Whinnery to take his name from the contract; and that Mr. Whinnery agreed to take his name from the contract in pursuance of the agreement between them; we are going to say to you there can be no recovery in this case.] [1]

[On the other hand, we are going to say to you, even if this agreement was made originally as testified to by these two witnesses and by the defendant; if he went to that meeting and took part in the organization of that company, if you believe that, that is an abrogation of the agreement between him and Mr. Whinnery.  We regard this as the crucial question in the case.  Did Mr. Ladd attend that meeting and take part in the organization of this company?  If he did, it is such an act on his part as to make him liable under the terms of this contract.] [2]

Verdict and judgment for plaintiff for $240.17. Defendant appealed.

*Error assigned* among others was (1, 2) above instructions, quoting them.

*S. F. Channell*, with him *H. F. Marsh* and *F. E. Watrous*, for appellant, cited: Jessop v. Ivory, 158 Pa. 71; and 172 Pa. 44.

*Andrew B. Dunsmore*, with him *Paul J. Edwards*, for appellee.

OPINION BY KEPHART, J., April 27, 1914:

W. N. Ladd, the defendant, with a number of others, joined in an agreement with the Burnap Building and Supply Company for the erection of a butter factory. This agreement provided that the subscribers thereto should pay to the Burnap Building and Supply Company the amounts set opposite their names, which was represented by shares of stock of the par value of $100 per share. The subscribers further agreed, immediately upon the signing of the contract, to organize a corporation under the laws of the state with a fixed capital, and when the factory was erected and the money paid to the company, the building was to be turned over to this corporation to operate. The building was completed and the subscribers, or most of them, paid up their subscriptions. The defendant, who had subscribed for two shares of stock, refused to pay his subscription. The Burnap Building and Supply Company assigned their rights under the contract to the co-subscribers, who are now the use plaintiffs and who have instituted this suit against the defendant to recover his subscription. The defendant, Ladd, seeks to be relieved from this subscription, through a contemporaneous parol agreement made at the time he signed the contract; under this oral agreement, he contends that if he so desired he could

withdraw his name from the subscription contract at any time before the next subscribers' meeting. The plaintiffs did not attempt to deny that some conversation took place with the defendant at the time the subscription contract was signed; but they contend, among other things, that the defendant did not comply with the terms of his contemporaneous parol agreement and so conducted himself as to be estopped from raising any claim to a release thereunder. These questions depend on what the defendant was required to do under his parol agreement and what he did do subsequent thereto.

The defendant testified concerning his subscription and oral agreement as follows: "Q. At the time Mr. Whinnery called upon you . . . . in reference to your becoming a subscriber, you may state what the conversation was? A. . . . I told him I would like to wait a little and not be in no hurry about signing the paper. . . . I said I would like to see Mr. Atwell before I signed any papers, that I guessed I wouldn't sign it. He said that wouldn't make any difference; he says I will call these two gentlemen, Mr. Cleveland and Mr. McInroy, to witness that any time you want your name taken off I will take it off. I will notify you of the next meeting, which will be at Ansonia, and if you want your name taken off I will take it off. I went down to Ansonia and he agreed to take my name off; he said he would take it off." On cross-examination the defendant further testified: "Q. When was it you had the talk with Whinnery when he said he would take your name off this contract? A. Right there at my barn before I put my name on this contract. He said he would take it off. He said you come down to the first meeting at Ansonia; and I asked him on Saturday at the first meeting to take it off." One of the defendant's two witnesses, W. R. Cleveland, testified that the agent said to Mr. Ladd: "You can sign now, and then talk with him (Atwell) and if you wish to, the day of the meeting have your name taken off. Q. Did

Mr. Whinnery say to him that he could have his name taken off at the first meeting at Ansonia if he wished to have it done?   A. Yes; he said, I will take it off at the meeting the following Saturday; that he would take it off if he would come there and request it.   Q. And that was the condition on which he could have it taken off: That he would go to this meeting on the following Saturday and request to have it done?   A. That was the talk at the present time."   Mr. James McInroy, the other witness for the defendant, testified that the agent said to Mr. Ladd: "That if he would come down to the meeting the next week, I think it was, or about that time, that he would take his name off if he requested it.   And under them conditions Mr. Ladd signed it."

The plaintiffs produced evidence that the defendant did appear at this meeting, that he did not take his name off nor indicate in any manner that he did not wish to be bound by his subscription but on the contrary took part in the meeting, aided in forming the building committee and was present throughout the meeting.   The defendant denied that he attended the meeting.   His contemporaneous parol agreement, as we view it, required him to be there and if he wanted to withdraw his name to so announce the fact.   If he failed to appear he violated the terms of his agreement. Whatever, from the evidence, his oral agreement required him to do, and what he did pursuant to that agreement, his appearance or nonappearance at this meeting and his participation therein, were all questions of fact which were properly submitted to the jury.   The appellant contends that the court erred in charging the jury as follows: "On the other hand, we are going to say to you, even if this agreement was made originally as testified to by these two witnesses and by the defendant; if he went to that meeting and took part in the organization of that company, if you believe that, that is an abrogation of the agreement between him and Mr. Whinnery.   We regard this as the crucial question

in the case.   Did Mr. Ladd attend that meeting and take part in the organization of this company?   If he did, it is such an act on his part as to make him liable under the terms of his contract."   This instruction was correct and as fair to the defendant as he could reasonably expect; if error was committed it was in the trial court's failing to hold the defendant to the terms of his contemporaneous parol agreement which required him to appear and act at the Saturday meeting.   It is not necessary to discuss the question raised as to the right of this subscriber to withdraw in any event.

The first and third assignments of error are dismissed. In the first assignment the court charged the jury in almost the exact language as requested by the third assignment of error.   The assignments are all overruled and the judgment is affirmed at the cost of the appellant.